UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

ROBERT H. HOWARD                     CIVIL ACTION NO. 05-0560

versus                               JUDGE STAGG

COMMISSIONER OF THE SOCIAL           MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

---

## REPORT AND RECOMMENDATION

### Introduction

Robert Howard ("Plaintiff") applied for disability benefits due to throat cancer in

remission, headaches and sickness. Plaintiff has an eleventh grade education and past work

experience that includes employment as a stocker and forklift operator. He was 52 years old

when ALJ Nancy Griswold denied his claim. The Appeals Council denied a request for

review. Plaintiff then filed this civil action seeking judicial review pursuant to 42 U.S.C. §

405(g). It is recommended, for the reasons that follow, that the Commissioner's decision be

reversed and this case be remanded for further proceedings.

### Issue on Appeal

The ALJ decided this case by relying on the Medical-Vocational Guidelines at step

five of the sequential analysis to meet the Commissioner's burden of showing that there were

jobs available in the economy that Plaintiff could perform with his limitations. Plaintiff

argues that the ALJ erred in relying on the Guidelines and should have heard testimony from

a vocational expert ("VE") because Plaintiff suffers from a non-exertional limitation: he must

be away from his work station in a clean environment with water at least every thirty minutes to clean his tracheostomy site to prevent clogging or infection.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). She found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (step one) and that he had a severe impairment (step two) in the form of residuals of throat cancer, including permanent tracheostomy, but the impairment did not meet or medically equal a listed impairment (step three) that would require a finding of disability without further evaluation.

The ALJ then turned to an assessment of Plaintiff's residual functional capacity ("RFC") . She reviewed the evidence, which showed that Plaintiff had cancer of the larynx and had a tracheostomy in 2001. Plaintiff continued to work in a warehouse but quit in March 2003 because dust and chemicals on the job caused him breathing related problems.

Plaintiff mentioned in some of his application paperwork that he frequently has to stop and clean his tracheostomy site, which generates mucus. Tr. 54, 56-58. He testified at the hearing that he has trouble with the appliance leaking, worse outdoors than inside, and keeping it clean. Plaintiff said he could often blow out obstructions into a tissue or handkerchief, but after so many times doing that, he has to remove the appliance and "go in there and clean it out real good." Tr. 128-29. The ALJ asked if that was a daily process, and Plaintiff said it was "all day and all night." Tr. 129.

Plaintiff testified that if he was feeling bad, the appliance clogs up regularly and requires frequent cleaning. He estimated that on the day of the hearing (indoors), it would be an hour or two before it became clogged. Dust and fumes cause coughing and trouble, once causing an appliance to come loose and pop out and be lost. Tr. 130-31.

When counsel examined Plaintiff, she further explored the cleaning requirements. She asked Plaintiff if he usually cleaned out the tracheostomy at least every two hours, and Plaintiff said he cleaned it more often than that, often every thirty minutes or so. He tries not to clean it in front of other people because mucus runs down his neck, and he has to have hot water to ensure an adequate cleaning. Plaintiff estimated that each cleaning takes about five

minutes. He estimated that he cleaned the appliance and site more than six or eight times per day. Tr. 140-42.

The ALJ summarized Plaintiff's testimony about the cleaning issues. Tr. 17. Later in her written decision, the ALJ made a general finding that the impairments could reasonably be expected to produce the symptoms alleged, so Plaintiff's complaints were "at least partially credible, not to the extent of supporting total disability." Tr. 18. The ALJ did not, however, specifically reject or address in any fashion Plaintiff's uncontested testimony about his cleaning regimen.

The principal medical evidence relied upon was a one-paragraph report from treating physician Dr. Robert Thornton. He reported that Plaintiff had cancer of the larynx in June 2001, treated with radiation therapy, and later required a tracheostomy due to scarring of the vocal chords. He then stated:

> At the present time, he requires and will most likely continue to require a Tracheostomy. With a Tracheostomy, he should be able to perform normally except for working around noxious chemicals or dusty environments. He should not be limited in his ability to sit, stand, walk, lift, carry, handle objects, hear, speak or travel.

Tr. 93. The ALJ, after reviewing that evidence, concluded that Plaintiff had the RFC for medium work, reduced by pulmonary restrictions of no prolonged exposure to high concentrations of fumes, odors, dust and gases.

Plaintiff's past work required exposure to pulmonary irritants, so the ALJ found at step four that Plaintiff could not return to his past work. Tr. 18. The ALJ then turned to step

five, which asks whether the claimant is capable of performing other work that is available in significant numbers in the economy. The Commissioner may meet his step-five burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely exclusively on the Guidelines if (1) the claimant suffers only from exertional impairments or (2) the claimant's non-exertional impairments do not significantly affect his RFC. Id. § 404.1569; Fraga v. Bowen, 810 F.2d 1296, 1304 (5th Cir. 1987). Limitations are considered exertional if they affect the ability to meet the strength demands of jobs. 20 C.F.R. § 404.1569a(a). Non-exertional limitations include mental, skin or sensory impairments. Id. § 404.1569a(c). If non-exertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for guidance but must also look to VE testimony or other similar evidence to meet his burden of proving that such jobs exist. Fraga, supra.

Rule 203.19 in the Guidelines indicates that a person with an RFC to perform substantially all of the requirements of medium work and who has Plaintiff's other vocational factors (age, education and work experience) is not disabled. The ALJ found that Plaintiff's ability to perform medium work was reduced by a need to avoid prolonged exposure to fumes, dust, etc. Social Security Ruling 85-15 provides that environmental restrictions such as those assessed by the ALJ would have only a minimal impact on the number of jobs available because most job environments do not involve such conditions. Accordingly, the ALJ found that the limitation regarding environmental exposures did not significantly erode

the occupational base for medium work and supported a finding of not disabled, without the need for VE testimony.  Tr. 19.

Plaintiff argued to the Appeals Council (Tr. 118-19) that the ALJ had erroneously failed to take into consideration the additional non-exertional limitation imposed by Plaintiff's need to frequently take breaks and clean his tracheostomy site.  The Appeals Council denied review without any specific discussion of the argument.  Tr. 5-7.  Plaintiff urges that the uncontested evidence regarding these requirements deprived the step five finding of substantial evidence.

An ALJ is not required to discuss every piece of evidence, but she must discuss the uncontroverted evidence she chooses not to rely upon so that the court can perform its role of reviewing the Commissioner's final decision for support by substantial evidence.  See Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996).  The court is unable to conduct a meaningful review where significant and probative evidence is rejected or overlooked without comment or explanation.  Rasball v. Barnhart, 2003 WL 22939244 (D. Kan. 2003). See also Draper v. Barnhart, 425 F.3d 1127, 1130 (8th Cir. 2005)("While a 'deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.")

The Fifth Circuit reversed and remanded a case in a similar setting in Crowley v. Apfel, 197 F.3d 194 (5th Cir. 1999).  The claimant testified that he suffered from an inability

to control his urinary functions and from unpredictable fecal incontinence five to seven times per month. He has also complained to physicians about the problems, and a consulting internist suggested that the complaints could be tied to the effects of uncontrolled diabetes. The ALJ found that the claimant had severe impairments, including diabetes and back problems. He also determined that the claimant had no significant non-exertional limitations, but he failed to consider the effects of the claimed incontinence (and adverse side effects from medication).

The Fifth Circuit first observed that the ALJ did not expressly consider the severity of the incontinence. Then, assuming that the ALJ had implicitly determined that the condition was not significant, the Court found that such a decision would not be supported by substantial evidence because the claimant's claim of incontinence was uncontroverted. The district judge who reviewed the case had suggested that the incontinence was a mere nuisance that could be coped with by the use of special undergarments, but the Fifth Circuit dismissed that reasoning because there was no evidence in the record to support the judge's speculation. Remand was ordered.

A reversal and remand is also in order in this case to permit the agency the first opportunity to assess the evidence regarding Plaintiff's claims of cleaning requirements and explain its treatment of that evidence. As in Crowley, the evidence is uncontroverted at this point. The Commissioner attempts to distinguish Crowley because there is no *medical* evidence to support Plaintiff's claims about the frequency of required cleanings, but the Commissioner does not cite any authority that would allow the ALJ to simply ignore

uncontroverted and unequivocal testimony about a potentially significant non-exertional limitation. The absence of medical evidence on the issue is not surprising, as such maintenance issues are not typically addressed in much detail in medical records. Dr. Thornton's brief report does not mention cleaning requirements at all, thus neither supporting nor undermining Plaintiff's testimony.

The agency, on remand, may solicit medical or other evidence on the issue to help it evaluate the credibility of Plaintiff's testimony and the reasonableness of his cleaning practices.[1] As the record currently stands, however, Plaintiff's testimony is uncontested, unexplained by the ALJ, and suggests a potentially significant limitation that would not permit a step five determination to be made based on the Guidelines without testimony from a VE or other similar vocational evidence.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and be **REMANDED** to the agency for further proceedings.

---

[1] On remand, Plaintiff and the agency may further explore any other relevant matters. See 20 C.F.R. § 404.983 (following a federal court remand, "[a]ny issues relating to your claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in your case."). See also Social Security Law and Practice, § 55:74 (there is ordinarily "no limit on a claimant's supplementing the record on remand" after a sentence four or sentence six remand).

**<u>Objections</u>**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>See</u> <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 15th day of May, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE